NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ASHLEY FILLMORE (Cal. Bar No. 332167)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2416
     Facsimile: (213) 894-0141
     E-mail:    ashley.fillmore@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-651-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ANGEL JOVANI DURAN |
| v. | |
| ANGEL JOVANI DURAN, | Hearing Date: November 23, 2020<br>Hearing Time: 2:00 PM<br>Location:    Courtroom of the Hon. Michael W. Fitzgerald |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Ashley Fillmore, hereby files its Sentencing Position for defendant Angel Jovani Duran.

This Sentencing Position is based upon the attached Memorandum of Points and Authorities, the Presentence Investigation Report, the files and records in this case, and such further evidence and argument as the Court may permit.  The United States respectfully

//

requests the opportunity to supplement its position or otherwise respond to defendant as may become necessary.

Dated: November 9, 2020           Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                       */s/ Ashley Fillmore*
                                  ASHLEY FILLMORE
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 22, 2020, defendant Angel Jovani Duran ("defendant") pled guilty, pursuant to a plea agreement, to assault on a federal employee.  The United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") and its recommendation letter on October 28, 2020.  (Dkt. Nos. 29 (Recommendation Letter), 30 (PSR).)  In the PSR, the USPO calculated a total offense level of 10 and a Criminal History Category of V, for a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 21 to 27 months' imprisonment, with a statutory maximum sentence of 12 months' imprisonment.

The government respectfully requests that the Court sentence defendant to a sentence of 12 months' imprisonment, to be followed by a one-year period of supervised release, including the condition that defendant shall not go to the victim's place of employment, and that the Court order defendant to pay a $100 special assessment.

**II.   FACTUAL BACKGROUND**

On August 14, 2019, defendant, who is a social security income ("SSI") beneficiary, went to the Watts Social Security Administration ("SSA") office located in Los Angeles, California.  (PSR ¶ 7.)  At the Watts SSA office, defendant met with victim C.V., a legally blind social worker for the SSA.  (Id.)  Defendant informed victim C.V. that he would be leaving the United States for approximately six months, and victim C.V. advised defendant that if he left the United States for more than 30 days, defendant's SSI benefits would be terminated.  (Id. ¶ 8.)  Defendant became upset, used profanity, and called victim C.V. a "wetback."  (Id.)  Victim C.V. pressed the panic

button at his desk to activate an alarm, and terminated the interview. (Id. ¶ 9.) Defendant then screamed at C.V., "I'm going to stab you in the fucking eye!" (Id.) This caused victim C.V. reasonable apprehension of immediate bodily harm. (Dkt. No. 26 (Plea Agreement) ¶ 11.)

### III. THE PRESENTENCE REPORT

The USPO calculated defendant's Guidelines imprisonment range as 21-27 months, based on a total offense level of 10 and a criminal history category of V. (PSR ¶ 74.) The total offense level includes a two-level increase pursuant to U.S.S.G. § 3A1.1(b)(1) because the victim is legally blind and therefore "unusually vulnerable." (Id. ¶ 18.) However, the statutorily authorized maximum sentence is lower than the minimum of the applicable Guidelines range; therefore, the Guidelines term of imprisonment is 12 months.

### IV. SENTENCING POSITION

As described above, pursuant to the factors forth in 18 U.S.C. § 3553(a), the government recommends a sentence of 12 months' imprisonment, followed by a one-year term of supervised release. The government requests that the conditions of supervised release include the condition that defendant shall not go to the victim's place of employment, as agreed to by the parties in the plea agreement. (Plea Agreement ¶ 18.)

**A. Nature and Circumstances of the Offense**

First, the nature, circumstances, and seriousness of defendant's offense warrant a custodial sentence. See 18 U.S.C. § 3553(a)(1). Defendant intentionally threatened to stab a federal employee in the eye. Defendant's menacing words were especially frightening here because victim C.V. is blind and thus particularly vulnerable. (PSR

2

¶ 18.) Defendant's conduct has impacted victim C.V. significantly. (Id. ¶ 12.) Since the assault, the victim fears for his safety. (Id.) Victim C.V. has sought adjustments to his work environment, he no longer leaves the office for lunch or for breaks, and he no longer has direct contact with SSA claimants. (Id.) The dangerousness of defendant's threat and the vulnerable position of the victim support a Guidelines sentence of 12 months' imprisonment.

### B.  History and Characteristics of Defendant

Defendant's history and characteristics present both mitigating and aggravating facts and accordingly support a sentence of 12 months. As noted above, defendant's offenses are both serious and dangerous. Defendant's criminal history is similarly serious and dangerous. Defendant previously sustained a conviction for first degree robbery, after he threatened three different men at gunpoint, demanding that they hand over their wallets. (PSR ¶ 28.) Defendant has sustained additional convictions for violent and/or weapons-related offenses, including illegal possession of a concealed firearm, battery against his stepfather—-resulting in a restraining order, and possession of a deadly weapon--resulting in another restraining order. (Id. ¶¶ 30-31.) Given the danger he poses to others and his high risk of recidivism, a custodial sentence is warranted.

In mitigation, defendant has accepted responsibility for his crime. (Id. ¶ 14.) Additionally, defendant suffers from both schizophrenia and bipolar disorder, which may have contributed to his offense conduct here. (Id. ¶ 59; Recommendation Letter at 4.) While he was diagnosed with schizophrenia in 2010 and bipolar disorder in 2012, defendants' symptoms began when he was a teenager and have

worsened over time.  (PSR ¶¶ 48-50, 59.)  Defendant reported that he has attempted suicide on multiple occasions and that he experiences hallucinations and "blackouts."  (Id. ¶¶ 58, 60.)  As conditions of his supervised release, the USPO has recommended that defendant reside in a residential reentry center for six months, which will provide stability, and that he undergo mental health treatment.  (Recommendation Letter at 2.)  Such stability and treatment will improve defendant's chances of remaining on the medication he needs to treat his mental health conditions and according mitigate his risk of recidivism, at least somewhat.

Taken as a whole, these facts support a 12-month sentence.

### C. Need to Reflect Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Deterrence, and Protect the Public

Finally, the sentence must satisfy defendant's need for punishment or rehabilitation, as well as society's need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public.  There is a strong need for the sentence to deter defendant and others from committing future crimes.  18 U.S.C. §3553(a)(2)(B) (the sentence imposed is required "to afford adequate deterrence to criminal conduct," which encompasses both specific and general deterrence); United States v. Goff, 501 F.3d 250, 261 (3d Cir. 2007).

Here, defendant threatened to stab a blind federal employee in the eye while the employee was simply doing his job.  Threatening violence against a disabled victim, particularly where defendant has a violent criminal history, is a serious offense that poses a real danger to the community.  A sentence of 12 months will impress upon

4

defendant the seriousness of his crimes and will give him time to reconsider his actions in light of the consequences.  Particularly where, as here, defendant's prior convictions and custodial sentences for violent conduct have not deterred him, a custodial sentence is necessary to deter defendant in the future and thereby protect the public.  As such, a 12-month sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter defendant from committing further crimes, and protect the public from further violent crimes of the defendant.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to a Guidelines term of imprisonment of 12 months, followed by a one-year term of supervised release, and a special assessment of $100.